## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| GYROPLANT LTD., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No.: |
| v. | ) | |
| | ) | |
| KAPPA AGTECH, LLC, | ) | **JURY TRIAL DEMANDED** |
| | ) | |
| Defendant. | ) | |

## COMPLAINT

Plaintiff GyroPlant Ltd. ("GyroPlant"), by and through its undersigned counsel, brings this Complaint against Defendant Kappa AgTech, LLC ("Kappa"), stating as follows:

## NATURE OF THE ACTION

1.      This is an action for a declaratory judgment of non-infringement and invalidity of United States Patent No. 12,253,249 (the "'249 Patent") arising under the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202, and the patent laws of the United States, including Title 35, United States Code, § 100 *et seq*.  A copy of the '249 Patent is attached hereto as Exhibit A.

2.      This is also an action against Kappa for tortious interference with GyroPlant's business relations.

## PARTIES

3.      Plaintiff GyroPlant Ltd. is a United Kingdom private limited company with its principal place of business at 124 City Road, London, England, EC1V 2NX.

4.      Defendant Kappa AgTech, LLC is a Delaware limited liability company with a registered agent located at 131 Continental Drive, Suite 305, Newark, DE 19713 and a principal place of business at 344 Maple Avenue West 181, Vienna, VA 22180.

1

## JURISDICTION AND VENUE

5.　　This action arises under, *inter alia*, the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202, and the patent laws of the United States, 35 U.S.C. § 1 et seq.

6.　　 This court has original jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331, 1338(a), 2201, and 2202.

7.　　This court has supplemental jurisdiction over the state law claims of this action pursuant to 28 U.S.C. § 1367.

8.　　This Court has personal jurisdiction over Kappa because it is incorporated (*i.e.*, resides) in Delaware and has availed itself of the rights and benefits of the laws of Delaware.

9.　　Venue in this Court is proper under 28 U.S.C. § 1391(b) because Defendant is subject to personal jurisdiction in this judicial district.

## FACTS

### I.　　GyroPlant and Its Products

10.　　GyroPlant was established in 2020 and received a grant from the Douglas Bomford Trust to develop the prototype of the "GrowCup" (which later became known as the GyroCup™).

11.　　Since the launch of its flagship GyroCup™ product in 2022, GyroPlant has continued to be an innovator in the agricultural technology space.  GyroPlant has won multiple Innovate UK grants and plans to expand into the space sector and other geographic markets.

12.　　For over four years, GyroPlant has sold its core product—the GyroCup™—to customers around the world.  More recently, GyroPlant launched the GyroSnap™.  GyroPlant sells a nominal amount of products within the United States.

13.　　The GyroCup™ is a molded silicone rubber growing cup for use in indoor cultivation systems. Supplied flat, its legs can be inverted to form a cone-shaped matrix to support

plant growth. The round head ensures a snug and secure fit in standard plug holes, while the gaps allow optimal air and nutrient flow to the roots. The legs offer a delicate balance of flexibility and strength, providing roots with both freedom and support to grow:



14.    The GyroSnap™ is a modified GyroCup™ featuring two wider prongs. While it still utilizes natural surface tension like the GyroCup™, it is specifically designed to accommodate smaller seed types:




## II.   Kappa and The '249 Patent

15.   Kappa AgTech is an agricultural technology company based out of Virginia. Its primary products are its silicone substrates and various structures within which the substrates can be embedded, including a mobile gully system. The silicone substrates separate seedling from root, while the mobile gullies allow for roots to be directed towards hydroponic channels in a common fashion:



16.   Kappa claims to be the owner of all rights, title, and interest in the '249 Patent.

17.   The '249 Patent issued on March 18, 2025 and claims a "Device and Method for Growing Crops with Non-Fibrous and Non-Consumable Media."

18.   The '249 Patent issued from U.S. Patent Application No. 16/943,138, filed on July 30, 2020 (the "'138 Application").

19.   The '249 Patent lists Schuyler David Milton (founder of Kappa, hereafter "Milton") and Keith Thomas Born as inventors.

20.   Claim 1 of the '249 Patent claims a device for growing plants, comprising:

A first plurality of flexible protrusions comprising a synthetic, non-biodegradable polymer,

4

wherein the flexible protrusions are attached to a structure that defines a delineation between a root zone and a shoot zone,

wherein the flexible protrusions are sufficient to suspend one or more seeds in air, such that, when the device is in use, the seeds cannot pass through the delineation under their own weight;

wherein the device, and the first plurality of flexible protrusions therein, are sufficient to suspend the one or more seeds in air, during germination, such that, when the device is in use, the germinating seeds cannot pass through the delineation under their own weight,

wherein the device, and the first plurality of flexible protrusions therein, are sufficient to support one or more plants germinated from the seeds, plant clones, plant cuttings, root stock, or plants placed into the device,

wherein the first plurality of flexible protrusions are (a) attached to the structure in a resting position, and (b) adopt a flexed position in response to an external force, and (c) the flexible protrusions return to the resting position upon removal of the external force,

wherein a second plurality of flexible protrusions comprising a synthetic, non-biodegradable polymer is attached to the structure of the device,

and wherein, the resting position of the first plurality of flexible protrusions is further described by the one or more of the protrusions in the first plurality of protrusions making contact with one or more protrusions in the second plurality of protrusions.

21.     Claim 9 of the '249 Patent claims a method of growing plants, comprising:

Growing one or more plants from seed, the device comprising:

A first plurality of flexible protrusions comprising a synthetic, non-biodegradable polymer,

wherein the flexible protrusions are attached to a structure that defines a delineation between a root zone and a shoot zone,

wherein the flexible protrusions are sufficient to suspend one or more seeds in air, such that, when the device is in use, the plants cannot pass through the delineation under their own weight

wherein the device, and the first plurality of flexible protrusions therein, are sufficient to suspend the one or more seeds in air, during

germination, such that, when the device is in use, the germinating seeds cannot pass through the delineation under their own weight,

wherein the device, and the first plurality of flexible protrusions therein, are sufficient to support one or more plants germinated from the seeds, plant clones, plant cuttings, root stock, or plants placed into the device,

wherein the first plurality of flexible protrusions are (a) attached to the structure in a resting position, and (b) adopt a flexed position in response to an external force, and (c) the flexible protrusions return to the resting position upon removal of the external force,

wherein a second plurality of flexible protrusions comprising a synthetic, non-biodegradable polymer is attached to the structure of the device,

and wherein, the resting position of the first plurality of flexible protrusions is further described by the one or more of the protrusions in the first plurality of protrusions making contact with one or more protrusions in the second plurality of protrusions.

### III. Kappa Threatens GyroPlant With Litigation

22.    On March 22, 2025, Milton contacted Marcus Comaschi, Founder and R&D Director of GyroPlant, via email, stating "[w]e need to have a call regarding IP.  Our recently issued patent broadly covers the approach we're both taking on developing solutions in this space."

23.    On June 10, 2025, Milton spoke to Comaschi at a social event at Growy, during the Greentech trade show in Amsterdam.  During that conversation, Milton alleged that GyroPlant infringed Kappa's intellectual property, but provided no details as to how.

24.    On June 28, 2025, Milton forwarded Comaschi a copy of the '249 Patent, asserting that "[t]he Gyrocup devices fall within the scope of at least claims 1-5 and 9-13.  Please schedule a call at your earliest convenience to discuss further.  I think there's plenty of room to work together, but KAPPA is also obligated to enforce its patent rights."

25.    On July 12, 2025, Comaschi responded to Milton acknowledging the allegations and requesting that Kappa provide a more detailed breakdown of its allegations in the form of a claim chart.

26.    On July 22, 2025, Milton responded, providing a summary claim chart purporting to compare key elements of the '249 Patent against GyroPlant products, again asserting that "[e]ach element of each of at least Claims 1-5 and 9-13 is present in the GyroPlant products."

27.    Contrary to Milton's statements, the claim charts did not actually compare key elements of the '249 Patent against the products, but instead concluded—without analysis—that GyroPlant's products infringed each asserted claim.

28.    On July 30, 2025, Comaschi acknowledged receipt of the claim charts and that GyroPlant would be reviewing thoroughly.  On August 15, 2025, Comaschi provided a status update to Milton, informing him that GyroPlant was still reviewing the provided materials.

29.    On September 6, 2025, Milton demanded that Comaschi "let [him] know by COB today whether you intend to negotiate a license."  Comaschi responded that same morning, informing Milton that "[GyroPlant is] still in the process of reviewing this matter[,]" and that a response would be forthcoming once the assessment was complete.

30.    On September 18, 2025, Milton responded to Comaschi, copying Oskar Schortz (GyroPlant's Co-Founder and Chief Commercial Officer) and GyroPlant's general inbox (hello@gyroplant.com).  Attaching a letter written by himself, Milton asserted that "[t]his letter is KAPPA's final attempt to resolve this dispute without counsel."

31.    The September 18, 2025 letter (the "Letter") re-asserts Kappa's claim that GyroPlant's GyroCup™ and GyroSnap™ products "infringe at least Claims 1-5 and 9-13 of the '249 Patent."  A copy of the Letter has been attached hereto as Exhibit B.

32.    The Letter threatens that "[a]bsent full, timely compliance with the mandatory actions and deadlines set out below, KAPPA will retain litigation counsel to seek immediate injunctive relief under the NDA and pursue U.S. patent remedies—including, where applicable, proceedings before the U.S. International Trade Commission—without further notice.  KAPPA reserves all rights."

33.    The Letter then goes on to demand that GyroPlant (1) immediately cease all U.S-directed activity (including all sales of the GyroCup™ and GyroSnap™ products), (2) take down all U.S.-facing offers for sale of those products, (3) provide an accounting of all prior U.S.-based activity, (4) identify all third parties involved (including, *inter alia*, incubators and advisors), (5) destroy information allegedly provided to GyroPlant under a prior NDA, (6) provide sworn certification of the foregoing and notice of receipt of the '249 Patent, and (7) implement a litigation hold "preserving all documents, ESI, and tangible items concerning KAPPA, the NDA, the '249 Patent, the conception/design/testing of the accused products, and any U.S. commercialization/offer/import activities."

34.    The Letter concludes with the renewed threat to GyroPlant that "[f]ailing timely and complete compliance with the foregoing, KAPPA will immediately pursue equitable relief under the NDA and U.S. patent remedies, including actions for infringement and, where applicable, proceedings before the U.S. International Trade Commission."  The Letter demanded compliance as early as September 24, 2025, and total compliance by October 2, 2025.

## IV.    Kappa Tortiously Interferes with GyroPlant's Business Prospects

35.    On September 9, 2025, NYU's Tandon School of Engineering announced online that its Urban Future Lab ("UFL") had selected eight UK-based climate technology startups—including GyroPlant—for an intensive six-month United States market entry program.  This

incubator program includes a six-month accelerator program, advisory services and industry introductions, as well as physical office space, kitchen, and conference rooms.

36.     GyroPlant reposted the announcement of its selection on its LinkedIn profile:



37.     On information and belief, these announcements informed Kappa of GyroPlant's selection and inclusion in the UFL incubator program.

38.     With knowledge of GyroPlant's inclusion in the UFL program and the economic benefits it will bring, Kappa (through Milton) contacted the UFL program and falsely accused GyroPlant of infringing its patents, with the intent of disrupting GyroPlant's relationship with UFL.

39.     On information and belief, Milton falsely accused GyroPlant of infringing Kappa's intellectual property and requested that UFL not assist GyroPlant.

40.     On information and belief, Kappa is contacting other GyroPlant business contracts, including customers and potential customers in an attempt to drive GyroPlant out of the United States market through perpetuating a series of falsehoods.

41.     For example, on information and belief, Kappa contacted Professor Paul Gauthier, a respected academic at the University of Queensland and a frequent panelist at industry trade shows, and claimed that GyroPlant was infringing Kappa intellectual property.

## COUNT I
## DECLARATORY JUDGMENT OF NON-INFRINGEMENT

42.     Plaintiff incorporates Paragraphs 1-41 of its Complaint as if fully set forth herein.

43.     Kappa claims to own all rights, title, and interest in the '249 Patent.

44.     The GyroCup™ and GyroSnap™ products do not infringe any of the claims of the '249 Patent because they do not practice every limitation required by the independent claims. As but one example, claims 1 and 9 both require that the device have a structure that defines a delineation between a root zone and shoot zone, as well as both a first and a second plurality of flexible protrusions comprising a synthetic, non-biodegradable polymer attached to the structure of the device. Neither the GyroCup™ nor the GyroSnap™ contain these limitations, either literally or under the doctrine of equivalents. Because neither product contacts a second plurality of flexible protrusions, the resting position of the first plurality of flexible protrusions is not described by the one or more of the protrusions in the first plurality of protrusions making contact with one or more protrusions in the second plurality of protrusions.

45.     GyroPlant, including its products, has not infringed and does not infringe any claims of the '294 Patent either directly, contributorily, or by inducement, literally or under the doctrine of equivalents. GyroPlant does not induce infringement of the '294 Patent claims for at least the reasons stated above with respect to no underlying direct infringement and because

GyroPlant has not acted with the specific intent necessary for induced infringement. GyroPlant does not contributorily infringe the '294 Patent for at least the reasons stated above with respect to no underlying direct infringement and because GyroPlant has not acted with specific knowledge of infringement.

46.    As a result of Kappa's threatening acts described in the preceding paragraphs, there exists a controversy of sufficient immediacy and reality to warrant the issuance of a declaratory judgment of non-infringement.

47.    A judicial declaration is necessary and appropriate so that GyroPlant may confirm that Kappa has no claim of infringement of the '249 Patent as against GyroPlant regarding its GyroCup™ and GyroSnap™ products.

48.    GyroPlant is entitled to a declaratory judgment that GyroPlant has not infringed and does not infringe, either directly or indirectly, any valid and enforceable claims of the '249 Patent under 35 U.S.C. § 271.

## COUNT II
## DECLARATORY JUDGMENT OF INVALIDITY

49.    Plaintiffs incorporate Paragraphs 1-48 of its Complaint as if fully set forth herein.

50.    The claims of the '249 Patent are invalid because they fail to satisfy the conditions for patentability specified in 35 U.S.C. §§ 100 *et seq.*, including §§ 101, 102, 103, and/or 112.

51.    GyroPlant is entitled to a declaratory judgment that the claims of the '249 Patent are invalid under at least one or more provisions of 35 U.S.C. §§ 101, 102, 103, and/or 112.

52.    As a result of Kappa's threatening acts described in the preceding paragraphs, there exists a controversy of sufficient immediacy and reality to warrant the issuance of a declaratory judgment of non-infringement.

53.     A judicial declaration is necessary and appropriate so that GyroPlant may ascertain its rights regarding the validity of the '249 Patent.

## COUNT III
## TORTIOUS INTERFERENCE WITH BUSINESS RELATIONS
## (New York Law)

54.     Plaintiffs incorporate Paragraphs 1-53 of its Complaint as if fully set forth herein.

55.     GyroPlant has a large and growing network of customers and potential customers. In addition, GyroPlant continues to grow its geographic reach and customer base in the United States through inclusion in notable incubator and accelerator programs, such as the UFL program.

56.     Kappa has knowledge of both GyroPlant's customer base and its relationships with entities such as NYU and UFL.

57.     With knowledge of those relationships and with the specific intent of disrupting those relationships, Kappa has contacted GyroPlant's customers, potential customers, and NYU/UFL to falsely accuse GyroPlant of infringing the '249 Patent.

58.     These false accusations have disrupted GyroPlant's business relationships and the potential for it to grow and strengthen new relationships, and has led to reputational and monetary damage in an amount to be determined at trial.

## PRAYER FOR RELIEF

**WHEREFORE**, GyroPlant respectfully prays for judgment and an award of equitable and monetary damages against Kappa as follows:

a.     For a judgment in its favor against Kappa on all claims herein;

b.     Adjudging that GyroPlant has not infringed and is not infringing, either directly or indirectly, any valid and enforceable claim of the '249 Patent, in violation of 35 U.S.C. § 271;

c.     Adjudging that all claims of the '249 Patent are invalid;

d.      A judgment that Kappa and each of its officers, directors, agents, counsel, servants, employees, and all of persons in active concert or participation with any of them, be restrained and enjoined from alleging, representing, or otherwise stating that GyroPlant infringes any claims of the '249 Patent or from instituting or initiating any action or proceeding alleging infringement of any claims of the '249 Patent against GyroPlant or any customers, manufacturers, users, importers, or sellers of the GyroCup™ or GyroSnap™;

e.      For an award of damages in an amount to be determined by the trier of fact, together with pre- and post- judgment interest thereon at the maximum legal rate, including but not limited to the recovery for the damage resulting from Kappa's tortious interference with GyroPlant's business relations;

f.      Declaring GyroPlant as the prevailing party and this case as exceptional, and awarding GyroPlant its reasonable attorneys' fees, pursuant to 35 U.S.C. § 285;

g.      That Kappa be ordered to pay all fees, expenses, and costs associated with this action; and

h.      Awarding such other and further relief as this Court deems just and proper.

## JURY DEMAND

Pursuant to Federal Rule of Civil Procedure 38, GyroPlant hereby requests the instant action to be tried by a jury.

Dated: September 29, 2025

                                                 Respectfully submitted,

*/s/  Brian S.S. Auerbach*
Brian S.S. Auerbach (No. 6532)
BARNES & THORNBURG, LLP
222 Delaware Avenue, Suite 1200
Wilmington, DE 19801
Tel. (302) 267-1514
brian.auerbach@btlaw.com

*Attorney for Plaintiff GyroPlant Ltd.*